**Elizabeth Del Carmen CASTRO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73356.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Carolyn Reinholdt, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jennifer A. Parker, U.S. Department of Justice, Washington, DC, Leslie K. Herje, Esq., Office of the U.S. Attorney, Madison, WI, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Elizabeth Del Carmen Castro, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000), we deny the petition for review.

Because the IJ did not make a finding as to Castro's credibility, we accept her testimony as true. *See id.*

■ The record does not compel a finding that Castro established that she was

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

persecuted on account of an imputed political opinion. Castro contends that guerrillas struck her when she attempted to protect Guillermo Pineda, a member of the Salvadoran military and the father of her eldest daughter. However, "[p]ersecution occurring because a person is a current member of a police force or the military is insufficient, *by itself,* to establish persecution on account of ... political opinion." *Id.* at 1029 (emphasis in original). Further, Castro presented no evidence that her attackers knew that Pineda was a member of the military or believed that either Pineda or Castro held political beliefs contrary to their own. *See id.* at 1030. Rather, as the IJ noted, the only motive suggested by the evidence for the attacks on Castro was to prevent, and then punish, her for trying to intervene in the attack on Pineda. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir.2005).

■ By failing to raise her claims for withholding of removal and relief under the CAT before the BIA, Castro failed to exhaust those claims and we therefore have no jurisdiction to consider them. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

Castro's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED.**